# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

_____

No. 03-6021 EM

_____

In re: Visionaire Corporation,         *

                               *

        Debtor.                *

                               *

Vafer Investment Group, L.L.C.,    *      Appeal from the United States

                               *      Bankruptcy Court for the

        Interested Party-Appellant,     *      Eastern District of Missouri

                               *

                       v.        *

                               *

E. Rebecca Case,            *

                               *

        Trustee-Appellee.       *

_____

Submitted: September 17, 2003
Filed: October 9, 2003

_____

Before, KRESSEL, Chief Judge, FEDERMAN, and MAHONEY, Bankruptcy Judges.

_____

FEDERMAN, Bankruptcy Judge.

_____

Vafer Investment Group, L.L.C. (Vafer) appeals from a bankruptcy court order granting the Chapter 7 trustee's motion to modify the court's earlier financing order. We affirm in part and reverse in part.

FACTUAL BACKGROUND

On July 16, 2002, petitioning creditors initiated an involuntary bankruptcy petition against debtor Visionaire Corporation (Visionaire). On August 16, 2002, Visionaire consented to relief and the court converted the case to Chapter 11. On November 14, 2002, Visionaire filed a motion to incur up to $250,000 in unsecured debt with superpriority from Vafer, one of Visionaire's shareholders, and on November 15, 2002, Visionaire filed a motion to expedite the hearing. The Official Unsecured Creditor's Committee (the OUCC) objected to the motion to incur debt. On November 15, 2002, the bankruptcy court held an emergency hearing and on November 18, 2002, it entered an order approving the motion to incur unsecured debt. The order did not, however, set a final hearing date.

On November 22, 2002, Visionaire filed a motion to modify the emergency order to include a budget and a motion to continue and maintain employee benefits on an interim basis. On November 25, 2003, the court held a hearing on these motions, and on November 27, 2002, Visionaire submitted an amended budget. On December 6, 2002, without further hearing, the financing order was modified to include a budget and to limit the disbursement for employee salaries and benefits.

Vafer made the following five advances to Visionaire: (1) on November 15, 2002, it advanced the sum of $37,122.14; (2) on November 20, 2002, it advanced the sum of $10,000; (3) on November 26, 2002, it advanced the sum of $20,000; (4) on November 28, 2002, it advanced the sum of $64,161.15; and (5) on January 6, 2003, it advanced the sum of $85,000. Vafer filed a proof of claim in the amount of $225,005.98.[1] It seeks payment of that amount as a priority administrative expense

---

[1]Appellant's Appendix, Ex. 7(d). Vafer claims that the Note matured on January 9, 2003, and the principal balance due at that time was $220,304.40. It also is seeking interest as of January 21, 2003, in the amount of $5,585.19.

claim, pursuant to section 364(c)(1) of the Bankruptcy Code (the Code). On January 21, 2003, however, the court converted the case to Chapter 7 and appointed a Chapter 7 trustee. On February 21, 2003, the Chapter 7 trustee filed a motion to amend or clarify the bankruptcy court's order of November 15, 2002. On March 6, 2003, the bankruptcy court held a hearing on the Chapter 7 trustee's motion. On March 20, 2003, the bankrupcy court granted the trustee's motion to amend the order and found that the section 364(c)(1) priority administrative expense claim is subordinate to Chapter 7 administrative expenses. The bankruptcy court held that 11 U.S.C. § 726(b) controls over any apparent conflict with 11 U.S.C. § 364(c)(1). It further held that exceptional circumstances necessitated relief from the judgment pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure. The court then found that it was within its discretion to amend the order of November 15, 2002, to clarify that the Chapter 7 administrative fees have priority in payment above section 364(c)(1) priority.

Vafer appealed that order.

## STANDARD OF REVIEW

A bankruptcy appellate panel shall not set aside findings of fact unless clearly erroneous, giving due regard to the opportunity of the bankruptcy court to judge the credibility of the witnesses.[2] The decision to award administrative expense priority is within the discretion of the bankruptcy judge.[3] We review such a decision for abuse

---

[2]*Gourley v. Usery (In re Usery),* 123 F.3d 1089, 1093 (8th Cir. 1997); *O'Neal v. Southwest Mo. Bank (In re Broadview Lumber Co., Inc.)*, 118 F.3d 1246, 1250 (8th Cir. 1997) (citing *First Nat'l Bank of Olathe, Kansas v. Pontow*, 111 F.3d 604, 609 (8th Cir.1997)). Fed. R. Bankr. P. 8013.

[3]*In re Gurley*, 235 B.R. 626, 636 (Bankr. W.D. Tenn. 1999); *In re American Preferred Prescription, Inc.*, 194 B.R. 721, 726 (Bankr. E.D. N.Y. 1996).

of that discretion.[4] A court abuses its discretion "when its ruling is founded on an error of law or a misapplication of law to the facts."[5]

## DISCUSSION

Vafer argues in this appeal that the bankruptcy court abused its discretion when it found exceptional circumstances warranted the retroactive amendment of its order of November 18, 2002. Vafer also argues that the bankruptcy court erred as a matter of law when it held that a priority administrative expense claim under 11 U.S.C. § 364(c)(1) is primed by all post-conversion Chapter 7 administrative expense claims under 11 U.S.C. § 726(b). We begin our discussion with the order of November 18, 2002, and the amendment to such order.

On November 14, 2002, Visionaire moved the bankruptcy court for an order allowing it to incur unsecured credit. Such a request is controlled by Rule 4001(c) of the Federal Rules of Bankruptcy Procedure, which reads as follows:

> **(c) OBTAINING CREDIT.**
> (1) Motion; Service. A motion for authority to obtain credit shall be made in accordance with Rule 9014 and shall be served on any committee elected pursuant to § 705 or appointed pursuant to § 1102 of the Code or its authorized agent . . . and on such other entities as the court may direct. The motion shall be accompanied by a copy of the agreement.

---

[4]*Kadjevich v. Kadjevish (In re Kadjevich)*, 220 F.3d 1016, 1019 (9th Cir. 2000); *Varsity Carpet Serv., Inc. v. Richardson (In re Colortex Industries, Inc.)*, 19 F.3d 1371, 1374 (11 Cir. 1994).

[5]*First Nat'l Bank of Olathe, Kansas v. Pontow (In re Pontow),* 111 F.3d 604, 609 (8th Cir. 1997); *Sholdan v. Dietz (In re Sholdan),* 108 F.3d 886, 888 (8th Cir. 1997).

(2) Hearing. The court may commence a final hearing on a motion for authority to obtain credit no earlier than 15 days after service of the motion. If the motion so requests, the court may conduct a hearing before such 15 day period expires, but the court may authorize the obtaining of credit only to the extent necessary to avoid immediate and irreparable harm to the estate pending a final hearing.[6]

Thus, the court is only permitted to enter a final order authorizing credit terms after a hearing on at least 15 days notice. In the meantime, the court may authorize a debtor to incur credit on an interim basis, but only to the extent necessary to avoid immediate and irreparable harm. On November 15, 2002, Visionaire filed a motion for an expedited hearing, and on that same date the Court held the hearing. The bankruptcy court then entered what could only be, pursuant to Rule 4001(c), an interim order on November 18, 2002. In reliance on that interim order, and within 15 days of the interim order, Vafer distributed the following sums to Visionaire: (1) $37,122.14 on November 15, 2002; (2) $10,000 on November 20, 2002; (3) $20,000 on November 26, 2002; and (4) $64,161.15 on November 28, 2002. No one disputes that Vafer made these advances on these dates. The total sum advanced within 15 days of the interim order is $131,283.29. In its order of November 18, 2002, the court found that the proposed financing was "critical to assure that the Debtor can preserve its going concern value."[7] In addition, the court found that Visionaire was requesting to borrow funds only as necessary to avoid immediate and irreparable harm and to prevent an immediate cessation of all business activities.[8]

---

[6]Fed. R. Bankr. P. 4001(c).

[7]Appellant's Appendix, Ex. # 7(b), pg. 3.

[8]*Id.*

5

The court's interim order of November 18, 2002, provides as follows:

**IT IS FURTHER ORDERED THAT** the Lender will be granted a super priority administrative expense claim under 11 U.S.C. § 503(b) with respect to the loan proceeds with priority over all other administrative expense claims other than professional fees of counsel for the Debtor, counsel for the committee and the U.S. Trustee.

We conclude that Vafer relied on the language in this interim order in making advances on an emergency basis, prior to the 15-day notice to all other parties in advance of a final order. We further conclude that a reasonable interpretation of this interim order is that the court intended to grant Vafer priority over all other administrative claims on an interim basis. We, therefore, conclude that Vafer is entitled to claim the sum of $131,282.29 as a priority claim pursuant to section 364(c)(1) of the Code.

No notice of final hearing is of record save the notice of the Chapter 7 trustee's motion to amend the interim order. The bankruptcy court, therefore, had not entered a final order allowing Visionaire to incur debt until it ruled on the trustee's motion. The court, therefore, did not abuse its discretion when it entered a final order on March 7, 2003.

Vafer also argues that the bankruptcy court erred as a matter of law when it held that a superpriority administrative expense claim under section 364(c)(1) of the Code[9] is primed by all post-conversion Chapter 7 administrative expense claims under section 726(b). The court's interim order of November 18, 2002, made no

---

[9]"Superpriority" administrative expense is not a term found in the Bankruptcy Code. The term, however, has come into use to distinguish the higher priority given postpetition lenders under section 363(c)(1) from the priority administrative expense status available under certain circumstances to prepetition lenders pursuant to section 507(b).

reference to section 726(b) of the Code. The final order, which the court entered on March 7, 2003, and from which Vafer appeals, however, provides as follows:

> **IT IS FURTHER ORDERED THAT** except as otherwise provided under 11 U.S.C. § 726(b), the Lender will be granted a super priority administrative expense claim under 11 U.S.C. § 503(b) with respect to the loan proceeds with priority over all other administrative expense claims other than professional fees of counsel for the Debtor, counsel for the committee and the U.S. Trustee.

Clearly, in this final order, the bankruptcy court refused to grant Vafer the superpriority administrative expense status it sought at the time it filed its motion to incur debt and its motion for an emergency hearing. Thus, the issue on this appeal is whether the court had the discretion to so rule.

Section 364(c)(1) of the Code provides that a court may grant superpriority administrative expense status to a post-petition lender:

> (c) If the trustee is unable to obtain unsecured credit allowable under section 503(b)(1) of this title as an administrative expense, the court, after notice and a hearing, <u>may</u> authorize the obtaining of credit or the incurring of debt–
>
>> (1) with priority over any or all administrative expenses of the kind specified in section 503(b) or 507(b) of this title.[10]

As we noted above, the court's order of November 15, 2002, was an interim order because it was entered prior to 15 days notice. The final order, entered on March 7, 2003, grants to Vafer priority status ahead of all claims except those for Chapter 7

---

[10]11 U.S.C. § 364(c)(1) (emphasis added).

administrative expenses. Such a modification was within the court's discretion.[11] In the period since the court entered the interim order, Visionaire converted its case to Chapter 7 and the United States Trustee appointed a Chapter 7 trustee. As the court stated in its Memorandum Opinion, "assuring payment to the professionals who liquidate the estate will encourage those professionals to vigorously pursue, collect, and distribute the estate's assets."[12]

We recognize that Vafer anticipated that it would be granted priority as to all of its advances before it committed to make the loan. The Federal Rules of Bankruptcy Procedure, however, are clear. Interim lending orders only allow debtors to borrow a sum sufficient to prevent immediate harm within 15 days of obtaining a final order. And in this case, that sum is $131,283.29. Parties to other forms of post-petition lending must protect their priority status, if the court is so inclined to grant it, by obtaining a final order that clearly sets out the parties' intention. As a leading treatise advises:

> The court <u>may</u> authorize borrowing with a priority over ``any or all" administrative expenses. The order should state that the priority given is over all administrative claims and section 507(b)claims. In authorizing such borrowing the court must assure that the extent of the priority is specifically dealt with in the court order and in the notice of the hearing, in order to provide appropriate protection to other priority claimants.[13]

---

[11]*Id.*

[12]Appellant's Appendix, Ex. 2(b), pg 6 (Memorandum Opinion entered March 20, 2003).

[13]**3 Collier on Bankruptcy** ¶ 364.04[2] at 364-12 (Lawrence P. King, ed., 15th ed. rev. 2003) (emphasis added).

We hold that the bankruptcy court did not abuse its discretion when it entered a final order allowing debtor to incur post-petition debt and granting Vafer priority status subject to the priority granted pursuant to 11 U.S.C. § 726(b).

To summarize, the bankruptcy court entered an interim order on November 18, 2002, granting Vafer superpriority administrative expense status over all other administrative claimants pursuant to section § 364(c)(1) as to funds it advanced to Visionaire within 15 days of the date of the hearing. The amount so advanced is $131,283.29, and Vafer's administrative expense claim as to that amount is prior to any administrative expense claims of the Trustee. To the extent the court denied that status to Vafer in its final order, the court abused its discretion by misapplying the law to the facts of this case, and we reverse. The court did not, however, abuse its discretion when it entered a final order that granted Vafer priority status junior to the priority granted pursuant to 11 U.S.C. § 726(b). We, therefore, affirm the court to the extent it found that the additional advance of $85,000 is subject to the administrative expense priority accorded to the Trustee pursuant to section 726(b).

A true copy.

Attest:

CLERK, U.S. BANKRUPTCY APPELLATE PANEL, EIGHTH CIRCUIT

9