# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1095

_____

| | | |
|---|---|---|
| In re: Donald Lynn Pierce, Jr., | * | |
| | * | |
| Debtor. | * | |
| | * | |
| _____ | * | |
| | * | |
| Myron Roberts, | * | Appeal from the United States |
| | * | District Court for the |
| Appellant, | * | Eastern District of Arkansas. |
| | * | |
| v. | * | |
| | * | |
| Donald Lynn Pierce, Jr., | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: December 12, 2005
Filed: January 25, 2005

_____

Before LOKEN, Chief Judge, WOLLMAN and RILEY, Circuit Judges.

_____

RILEY, Circuit Judge.

Myron Roberts (Roberts) filed a proof of claim in the voluntary Chapter 13 bankruptcy proceeding of Donald Lynn Pierce, Jr. (Pierce). Pierce objected to Roberts's proof of claim. Pierce's counsel served a "negative notice" on Roberts by attaching to the objection a document entitled "Notice of Opportunity to Respond and

Request a Hearing," which advised Roberts that if Roberts did not respond and request a hearing within thirty days, the bankruptcy court could enter an order without further hearing.  Roberts did not respond to the negative notice, nor did Roberts request an evidentiary hearing.

Without holding an evidentiary hearing, the bankruptcy court[1] issued an amended order granting Roberts's claim in part and disallowing the balance.  Roberts appealed to the district court,[2] arguing the bankruptcy court should have held an evidentiary hearing on his claim.  The district court concluded Federal Rule of Bankruptcy Procedure 9007 "grants bankruptcy courts the discretion to set the particularities of notice procedures,"[3] and the bankruptcy court did not abuse its discretion by not conducting an evidentiary hearing.  This appeal followed.

Section 502 of the Bankruptcy Code provides that if a debtor objects to a proof of claim, "the court, after notice and a hearing, shall determine the amount of such claim."  11 U.S.C. § 502(b).  Section 102 defines the phrase "after notice and a hearing" to "authorize[] an act without an actual hearing if such notice is given properly and if . . . such a hearing is not requested timely by a party in interest."  Id. § 102(1)(B)(i).  Negative notices are therefore authorized by the Code.  Cf. In re

[1]The Honorable James G. Mixon, United States Bankruptcy Judge for the Eastern District of Arkansas.

[2]The Honorable William R. Wilson, Jr., United States District Judge for the Eastern District of Arkansas.

[3]Rule 9007 states: "When notice is to be given under these rules, the court shall designate, if not otherwise specified herein, the time within which, the entities to whom, and the form and manner in which the notice shall be given.  When feasible, the court may order any notices under these rules to be combined."  Fed. R. Bankr. P. 9007.  Although Rule 9007 may give the bankruptcy court discretion to adopt a practice of "negative notices," as explained hereafter, the Bankruptcy Code more directly authorizes such a practice in 11 U.S.C. § 102(1)(B)(i).

<u>Looney</u>, 823 F.2d 788, 791 (4th Cir. 1987) (finding section 102 does not require actual hearings (here preliminary hearings under 11 U.S.C. § 362(e)) in all cases, but "requires at a minimum that notice be given to the parties before taking such action"). Negative notices shift the burden to an interested party, such as Roberts, to evaluate his claim and the debtor's objections, and then make his own decision whether an evidentiary hearing would be helpful, and request a hearing, if desired.

In this case, Pierce served a negative notice on Roberts, Roberts admittedly received the notice, the notice was clear, and Roberts failed to request an evidentiary hearing. Roberts received adequate notice and an opportunity to be heard. We find no error.

We affirm the district court's affirmance of the bankruptcy court's order granting, in part, and disallowing, in part, Roberts's proof of claim without holding an evidentiary hearing.

———————————————————