# United States Bankruptcy Appellate Panel

## For the Eighth Circuit

_____

No. 13-6007

_____

In re: Netal, Inc.

*Debtor*

------------------------------

United States of America, Internal Revenue Service

*Movant - Appellant*

v.

Rick D. Lange, Chapter 7 Trustee; Contractors, Laborers, Teamsters and Engineers Pension Plan; Contractors, Laborers, Teamsters and Engineers Health and Welfare Plan; International Union of Operating Engineers, Local No. 571

*Objectors - Appellees*

_____

Appeal from United States Bankruptcy Court
for the District of Nebraska - Omaha

_____

Submitted: July 25, 2013
Filed: September 13, 2013

_____

Before KRESSEL, SCHERMER and SHODEEN, Bankruptcy Judges.

_____

SCHERMER, Bankruptcy Judge

The United States of America (the "Government") appeals from orders of the bankruptcy court denying: (1) the Government's motion to approve its superpriority administrative expense claim under § 507(b) of Title 11 of the United States Code (the "Bankruptcy Code"); (2) the Government's *Motion for Evidentiary Hearing* (the "Evidentiary Hearing Motion"); and (3) the motion of the Government to alter or amend the bankruptcy court's denial of its motion for a § 507(b) administrative expense claim. We have jurisdiction over this appeal from the final orders of the bankruptcy court. *See* 28 U.S.C. § 158(b). For the reasons set forth below, we reverse the bankruptcy court's denial of the Government's Evidentiary Hearing Motion, and remand this case to the bankruptcy court for determination of the amount, if any, of the Government's claim under § 507(b).

## ISSUE

The issue in this appeal is whether the bankruptcy court abused its discretion when it denied the Government the opportunity to conduct discovery and produce evidence.

## BACKGROUND

On November 5, 2009, Netal, Inc. (the "Debtor") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. On the petition date, the Government held a federal tax lien, and claimed that it held a first priority security interest in the Debtor's cash collateral.

The Debtor and the Government agreed that the Debtor could continue to use the Government's cash collateral, and that the Government would be granted a replacement lien in the Debtor's post-petition cash collateral to the same extent as its lien on the pre-petition cash collateral. The Debtor and the Government also agreed that, to the extent that the adequate protection provided under their agreement was inadequate to protect the Government against post-petition diminution in the value of the collateral, the Government would be entitled to a superpriority administrative

expense claim under § 507(b). The bankruptcy court approved cash collateral agreements of the Debtor and the Government.

Unfortunately, the Debtor's Chapter 11 reorganization attempt was unsuccessful. In 2011, the Debtor's Chapter 11 case was converted to Chapter 7. There were insufficient funds to pay all claims.

After the Debtor's case was converted to Chapter 7, the Government filed a motion to approve its superpriority administrative expense claim under § 507(b), based on an alleged diminution in the value of the Government's collateral. The Contractors, Laborers, Teamsters and Engineers Health and Welfare Plan; Contractors, Laborers, Teamsters and Engineers Pension Plan and International Union of Operating Engineers, Local No. 571 (the "Benefit Plans") objected to the Government's § 507(b) motion, on the basis that, under Bankruptcy Code § 724(b), plan contributions owed to them for the 180 days pre-petition had priority over the Government's § 507(b) claim. Rick D. Lange, Chapter 7 trustee (the "Trustee"), objected to the Government's § 507(b) motion "to the extent the [m]otion seeks to alter the priorities [under Bankruptcy Code § 726(b)]." The Government ultimately agreed to the Trustee's position regarding the priority of claims.

The bankruptcy court held a hearing on the Government's § 507(b) motion. At the hearing, the Benefit Plans raised, for the first time, a dispute regarding the amount of the Government's § 507(b) claim. The Benefit Plans alleged that the Government failed to present facts or evidence in support of its claim. At the hearing, the Government stated that prior to that time, the amount of its claim had not been challenged, and it requested that, if the court found a factual dispute concerning its request for a superpriority administrative expense claim, the court allow the Government additional time to conduct discovery. The bankruptcy court took the matter under advisement.

Thereafter, and before the bankruptcy court issued its ruling on the § 507(b) motion, the Government filed its written Evidentiary Hearing Motion. In the Evidentiary Hearing Motion, the Government requested an evidentiary hearing on its § 507(b) motion if the bankruptcy court found the existence of a factual question, asking for additional time to conduct discovery prior to such hearing. The bankruptcy court entered a written order, dated September 26, 2012, denying the Government's motion for approval of its § 507(b) claim because the bankruptcy court determined that § 724(b) governed the claim.[1] The same day, the bankruptcy court also entered a text order on the docket, denying the Government's Evidentiary Hearing Motion and referring the parties to the written order entered the same day on the Government's motion for a § 507(b) claim.

The Government then filed a motion asking the bankruptcy court to alter or amend its decision denying the Government's request for a claim under § 507(b). After a hearing, the bankruptcy court denied the motion to alter or amend. Accordingly, the Government's § 507(b) claim was never liquidated.

The Government asserts two claims: (1) a secured claim; and (2) an unsecured superpriority administrative expense claim under § 507(b). And, the estate has two pools of money: (1) one subject to the Government's lien; (2) one that is not subject to the Government's lien, but it is subject to the motion for a superpriority administrative expense claim under § 507(b). At oral argument, the Government conceded that its secured claim is subject to the terms of Bankruptcy Code § 724(b), making it subordinate to other claims in accordance with that statute. At issue in this appeal is whether the Government is entitled to an unsecured superpriority claim under § 507(b).

---

[1] The bankruptcy court also entered a text order denying the Government's § 507(b) motion and referring the parties to the written order entered the same day.

**STANDARD OF REVIEW**

We review the bankruptcy court's findings of fact for clear error, and its conclusions of law *de novo. First Nat'l Bank of Olathe, Kansas v. Pontow (In re Pontow),* 111 F.3d 604, 609 (8th Cir. 1997)). The bankruptcy court has discretion regarding whether to hold an evidentiary hearing, and such a decision is reviewed for an abuse of discretion. *In re Anthony*, 481 B.R. 602, 615 (D. Neb. 2012) (citing *Tri-State Fin., LLC v. Lovald,* 525 F.3d 649, 655 (8th Cir. 2008); *Roberts v. Pierce (In re Pierce*), 435 F.3d 891, 892 (8th Cir. 2006)). "A court abuses its discretion 'when its ruling is founded on an error of law or a misapplication of law to the facts.' " *Vafer Inv. Group, L.L.C. v. Case (In re Visionaire Corp.),* 299 B.R. 530, 533 (B.A.P. 8th Cir. 2003) (quoting *Pontow,* 111 F.3d at 609 and *Sholdan v. Dietz (In re Sholdan),* 108 F.3d 886, 888 (8th Cir. 1997)).

**DISCUSSION**

Bankruptcy Code § 507(b), the statute under which the Government brought its motion, states that if the trustee or debtor in possession:

> under section 362, 362, or 364 of [the Bankruptcy Code], provides adequate protection of the interest of a holder of a claim secured by a lien on property of the debtor and if, notwithstanding such protection, such creditor has a claim allowable under subsection (a)(2) of this section arising from the stay of action against such property under section 362 of [the Bankruptcy Code], from the use, sale, or lease of such property under section 363 of [the Bankruptcy Code], or from the granting of a lien under section 364(d) of [the Bankruptcy Code], then such creditor's claim under such subsection shall have priority over every other claim allowable under such subsection.

11 U.S.C. § 507(b). In turn, § 507(a)(2) provides an unsecured second priority claim for "administrative expenses allowed under section 503(b) of [the Bankruptcy Code]. . . ." 11 U.S.C. § 507(a)(2). Section 503(b)(1)(A) provides that "[a]fter notice and a hearing, there shall be allowed administrative expenses . . . including . . . the actual, necessary costs and expenses of preserving the estate. . . ." 11 U.S.C. § 503(b)(1)(A).

5

Bankruptcy Code § 724(b), the provision upon which the bankruptcy court relied, is titled "[t]reatment of certain liens." 11 U.S.C. § 724(b). It sets forth the order for distribution of "[p]roperty in which the estate has an interest and that is subject to *a lien* that is not avoidable under [the Bankruptcy Code] . . . and that secures an allowed claim for a tax, or proceeds of such property. . . ." *Id.* (emphasis added).

The original order of the bankruptcy court, dated September 26, 2012, provides the focus for this appeal. That order was decided on a purely legal basis, holding that § 724(b) governs, and denying the Government's motion for a superpriority administrative expense claim under § 507(b). However, the Government claims a § 507(b) unsecured superpriority administrative expense; not a secured claim arising from a lien, as is discussed under § 724(b). Therefore, § 724(b) does not apply to the Government's unsecured claim.

As stated above, § 503(b)(1)(A) refers to allowance of an administrative expense "[a]fter notice and a hearing." 11 U.S.C. § 503(b)(1)(A). In addition, when the Benefit Plans and the Trustee objected, the Government's request for an administrative expense claim became a contested matter under Federal Rule of Bankruptcy Procedure 9014. Fed. R. Bankr. P. 9014. Rule 9014(a) states that "[i]n a contested matter not otherwise governed by these rules, relief shall be requested by motion, and *reasonable notice and an opportunity for hearing shall be afforded the party against whom relief is sought*." Fed. R. Bankr. P. 9014(a) (emphasis added). Pursuant to Bankruptcy Code § 102(1)(A), the phrase "after notice and a hearing" is defined as "after such notice as is appropriate *in the particular circumstances,* and such opportunity for a hearing as is appropriate *in the particular circumstances . . . *." 11 U.S.C. § 102(1)(A) (emphasis added).[2]

---

[2] Rule 9014(c) also makes other rules applicable to contested matters, including rules regarding discovery.

Under the circumstances of this case, the bankruptcy court abused its discretion when it denied the Government the chance to conduct discovery and present evidence. The bankruptcy court based its ruling on the incorrect legal conclusion that § 724(b) applied to the superpriority administrative expense claim of the Government. The § 507(b) motion by the Government set forth the amount of the claim asserted, as well as its priority. The written objections to the § 507(b) motion contested the priority of the Government's claim. It was not until the hearing on the § 507(b) claim that the Government was apprised of the fact that there was an issue regarding the amount of the claim. At that point and going forward, the Government made clear its desire to conduct discovery and present evidence.

## CONCLUSION

For the reasons stated above, we reverse the bankruptcy court's denial of the Government's Evidentiary Hearing Motion, and we remand this case to the bankruptcy court for determination of the amount, if any, of the Government's § 507(b) claim.

―――――――――――