# United States Bankruptcy Appellate Panel
## For the Eighth Circuit
_____

No. 16-6037
_____

In re: Paul M. Wojciechowski; Mary E. Wojciechowski, also known as Mary Aubertin

*Debtor*s

------------------------------

Susan H. Mello; Susan H. Mello, LLC

*Creditors - Appellants*

v.

Paul M. Wojciechowski; Mary E. Wojciechowski

*Debtors - Appellees*

Diana Spuhl Daugherty

*Trustee - Appellee*
_____

Appeal from United States Bankruptcy Court
for the Eastern District of Missouri - St. Louis
_____

Submitted: May 2, 2017
Filed: June 15, 2017
_____

Before KRESSEL, NAIL, and SHODEEN, Bankruptcy Judges.
_____

NAIL, Bankruptcy Judge.

Susan H. Mello and Susan H. Mello, LLC (collectively, "Mello") appeal the October 21, 2016 order of the bankruptcy court[1] confirming Debtors Paul M. Wojciechowski and Mary E. Wojciechowski's second amended plan.[2] We affirm.

## BACKGROUND

Debtors filed a petition for relief under chapter 13 of the bankruptcy code in April 2016. Debtors listed Mello, who had represented Debtor Paul Wojciechowski in his pre-petition divorce proceeding and was still owed attorney fees for her services, on their schedule E/F.

Over the next several months, Mello filed numerous motions, objections, and an adversary proceeding.[3] Two ultimately led to this appeal: Mello's amended motion to dismiss Debtors' case and Mello's amended objection to Debtors' second amended plan.[4]

---

[1]The Honorable Kathy A. Surratt-States, Chief Judge, United States Bankruptcy Court for the Eastern District of Missouri.

[2]In her notice of appeal, Mello also purported to appeal several other orders. However, she did not meaningfully address these other orders in her opening brief. Consequently, we do not address them, either. *See Reuter v. Cutcliff* (*In re Reuter*), 686 F.3d 511, 515 n.3 (8th Cir. 2012).

[3]These are cogently summarized in Debtors' brief and need not be repeated here.

[4]Two earlier iterations of Debtors' plan had not been confirmed. With certain exceptions, the proponent of a chapter 13 plan may modify his or her plan at any time either before or after confirmation. 11 U.S.C. §§ 1323 (modification of plan before confirmation) and 1329 (modification of plan after confirmation). In some jurisdictions, such modified plans are referred to as amended plans.

In her amended motion to dismiss, Mello alleged Debtors had filed their petition in bad faith and listed a number of perceived errors and omissions in Debtors' schedules and statements and in Debtors' testimony at their meeting of creditors. In her amended objection to Debtors' second amended plan, Mello alleged Debtors' second amended plan had not been proposed in good faith and again listed a number of perceived errors and omissions in Debtors' schedules and statements and in Debtors' testimony at their meeting of creditors.[5] Mello also alleged Debtors had not applied their disposable income to payments under their second amended plan, Debtors' second amended plan was not feasible, and Debtors had failed to pay a domestic support obligation.

Both Mello's amended motion to dismiss and Debtors' second amended plan came before the bankruptcy court in October 2016. After hearing the arguments of counsel and considering the voluminous record, the bankruptcy court denied Mello's amended motion to dismiss, overruled Mello's objections to confirmation,[6] and confirmed Debtors' second amended plan. The bankruptcy court's oral rulings were memorialized in an order confirming Debtors' second amended plan entered October 21, 2016 and an order denying Mello's amended motion to dismiss entered November 10, 2016.

On October 24, 2016, Mello filed a motion to amend, *inter alia*, the bankruptcy court's order confirming Debtors' second amended plan. On November 10, 2016, the bankruptcy court entered an order denying Mello's motion to amend. On

---

[5]While differently formatted, Mello's amended motion to dismiss and her amended objection to Debtors' second amended plan appear to identify the same perceived errors and omissions.

[6]The trustee also objected to Debtors' second amended plan. The trustee's objections were resolved on the record.

November 23, 2016, Mello filed a notice of appeal.[7]  Mello's appeal is therefore timely.  *See* Fed.R.Bankr.P. 8002(a) and (b).

## STANDARD OF REVIEW

Mello contends the bankruptcy court erred in confirming Debtors' second amended plan.  To the extent this implicates the bankruptcy court's findings of fact, we review those findings for clear error.  *Islamov v. Ungar* (*In re Ungar*), 633 F.3d 675, 679 (8th Cir. 2011).  To the extent it implicates the bankruptcy court's conclusions of law, we review those conclusions *de novo*.  *Ungar*, 633 F.3d at 679.

Mello also contends the bankruptcy court erred in denying her request for an evidentiary hearing on the confirmation of Debtors' second amended plan. We review the bankruptcy court's decision not to conduct an evidentiary hearing for an abuse of discretion.  *United States v. Lange* (*In re Netal, Inc.*), 498 B.R. 225, 228 (B.A.P. 8th Cir. 2013).

## DISCUSSION

Mello's principal argument is the bankruptcy court erred in not conducting an evidentiary hearing on Debtors' second amended plan.  We disagree.

---

[7]In her notice of appeal, Mello did not elect to have her appeal heard by the district court. *See* Fed.R.Bankr.P. 8005(a). Mello then filed an "amended/corrected" notice of appeal in which she attempted to elect to have her appeal heard by the district court.  By order dated December 1, 2016, we deemed Mello's "amended/corrected" notice of appeal to be untimely and therefore ineffective to deprive us of jurisdiction.  Mello also filed a "Motion for Appeal to go to District Court not to BAP" and a "Supplemental Motion for Appeal to go to District Court not to BAP."  By order dated December 6, 2016, we denied Mello's supplemental motion.

While the parties appear to assume Mello requested such an evidentiary hearing, the record is not entirely clear on this point. During the hearing on Mello's amended motion to dismiss, Mello stated unambiguously, "I would like to have an evidentiary hearing . . . ." During the hearing on Mello's amended objection to Debtors' second amended plan, however, Mello asked only "to be heard on [her objections]" and to "have a chance to keep the record open." Neither was a clear expression of a desire for an evidentiary hearing.

In any event, "[n]othing in the statutes or case law requires a hearing every time the issue of good faith is raised in a Chapter 13 proceeding. The bankruptcy court, exercising its sound discretion, is in the best position to determine when an evidentiary hearing on the issue of good faith is necessary." *Noreen v. Slattengren*, 974 F.2d 75, 76 (8th Cir. 1992).

As previously noted, in both her amended motion to dismiss and her amended objection to Debtors' second amended plan, Mello identified a number of perceived errors and omissions in Debtors' schedules and statements and in Debtors' testimony at their meeting of creditors. In denying Mello's amended motion to dismiss, the bankruptcy court heard Mello's argument and considered both the voluminous record and the perceived errors and omissions. The bankruptcy court then explained why it did not believe the perceived errors and omissions demonstrated a lack of good faith on Debtors' part, referencing changes in Debtors' circumstances over time, the oft seen necessity for chapter 13 debtors to amend their schedules and statements, and the trustee's role in reviewing chapter 13 debtors' schedules and statements.

Mello did not identify–and indeed has yet to identify–what additional evidence she would offer at an evidentiary hearing. *See Yehud-Monosson USA, Inc. v. Fokkena* (*In re Yehud-Monosson USA, Inc.*), 458 B.R. 750, 756 (B.A.P. 8th Cir. 2011). Under the circumstances, even assuming Mello's requests "to be heard" and "to keep the record open" could reasonably be construed as a request for an evidentiary hearing

-5-

on Debtors' second amended plan, we cannot say the bankruptcy court abused its discretion in denying Mello's request.

Mello also argues the bankruptcy court erred in not considering her objections to confirmation because the trustee did not join in Mello's objections. Again, we disagree.

Mello points to three statements made by the bankruptcy court, the first two in connection with Mello's amended motion to dismiss and the third in connection with Mello's objections to confirmation: (1) "I'm looking to the trustee to see, based on the trustee's review of these schedules and statements, I haven't seen anything filed by the trustee"; (2) "[I]t's hard for me to believe that [the trustee's] office has missed this many things"; and (3) "[I]f the trustee hasn't raised that issue, then certainly I would overrule that objection."

None of these statements support Mello's argument. A chapter 13 trustee is statutorily obligated to "investigate the financial affairs of the debtor" and "appear and be heard at any hearing that concerns . . . confirmation of a plan[.]" 11 U.S.C. §§ 704(a)(4) (incorporated by reference in 11 U.S.C. § 1302(b)(1)) and 1302(b)(2). The bankruptcy court's first statement is a confirmation that the trustee had taken no formal action regarding Debtors' schedules and statements. The bankruptcy court's second statement is a recognition of how well the trustee ordinarily carried out the trustee's duties. Neither can reasonably be construed to suggest the bankruptcy court did not consider Mello's objections to Debtors' second amended plan.

The bankruptcy court's third statement followed a discussion regarding an alleged domestic support obligation.[8] Without providing any specifics, Mello

_____

[8]One of the requirements for confirmation of a chapter 13 plan is "the debtor has paid all amounts that are required to be paid under a domestic support obligation

objected to confirmation because Debtors' second amended plan did "not *seem* to meet the requirement to see all DSOs are paid." (Emphasis added.) The bankruptcy court's statement was clearly made in reference to this particular objection, not Mello's other objections. The trustee, who–it bears repeating–was statutorily obligated to investigate Debtors' financial affairs, did not object to Debtors' second amended plan on this basis, and Mello did not identify–and indeed has yet to identify–any amounts that Debtors were required to pay post-petition and that they had not paid prior to the confirmation hearing. In light of the foregoing, we construe the bankruptcy court's statement to be the result of the bankruptcy court's weighing Mello's vague and unsupported objection against the fact that the trustee did not object to Debtors' second amended plan on this basis, not support for Mello's argument that the bankruptcy court did not consider Mello's objections to confirmation.[9] *See Fonder v. United States*, 974 F.2d 996, 999-1000 (8th Cir. 1992) ("Oral findings and conclusions under [Fed.R.Civ.P.] 52(a) [made applicable to confirmation hearings by Fed.Rs.Bankr.P. 3015(f), 7052, and 9014(c)] 'must be liberally construed and found to be in consonance with the judgment if the judgment has support in the record evidence.'").

Finally, Mello argues the bankruptcy court erred in overruling her objections and confirming Debtors' second amended plan. Again, we disagree.

As previously noted, Mello objected to Debtors' second amended plan on several grounds: She alleged Debtors' second amended plan was not proposed in

---

and that first become payable after the date of the filing of the petition if the debtor is required by a judicial or administrative order, or by statute, to pay such domestic support obligation[.]" 11 U.S.C. § 1325(a)(8).

[9]The bankruptcy court questioned–without deciding–whether Mello had standing to raise this particular objection. Because neither Debtors nor the trustee raised this issue on appeal, we do not address it.

good faith; she alleged Debtors had not applied their disposable income to payments under their second amended plan; she alleged Debtors' second amended plan was not feasible; and she alleged Debtors had failed to pay a domestic support obligation. However, in her opening brief, Mello addressed only the first and the last of these grounds. Consequently, she has waived any issue regarding Debtors' commitment of their disposable income and any issue regarding the feasibility of Debtors' second amended plan. *See Reuter v. Cutcliff* (*In re Reuter*), 686 F.3d 511, 515 n.3 (8th Cir. 2012).

With respect to her objection that Debtors' second amended plan was not proposed in good faith, Mello contends the perceived errors and omissions she identified in both her amended motion to dismiss and her amended objection to Debtors' second amended plan demonstrate a lack of good faith on Debtors' part. Though this is one permissible view of the record, the bankruptcy court determined otherwise, for the reasons stated above. This is also a permissible view of the record. That being so, we cannot say the bankruptcy court's decision to overrule this objection was clearly erroneous. *Anderson v. City of Bessemer City, North Carolina*, 470 U.S. 564, 574 (1985) ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous.").

With respect to her objection that Debtors had allegedly failed to pay a domestic support obligation, as previously noted, Mello did not identify any amounts that Debtors were required to pay post-petition and that they had not paid prior to the confirmation hearing. Mello's objection was, therefore, hypothetical at best. Moreover, the bankruptcy court properly noted the absence of Debtor Paul Wojciechowski's ex-spouse, who was in the best position to know if Debtors had made all required post-petition domestic support obligation payments and would have had every reason to object to Debtors' second amended plan if Debtors had not made those payments. For these reasons, we cannot say the bankruptcy court's decision to overrule this objection was clearly erroneous, either.

CONCLUSION

The bankruptcy court did not abuse its discretion in denying Mello's request for an evidentiary hearing on Debtors' second amended plan, and its decision to overrule Mello's objections and confirm Debtors' second amended plan was not clearly erroneous. Thus, we affirm the bankruptcy court's October 21, 2016 order confirming Debtors' second amended plan.

_____